UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**PRAVEEN K. KHURANA,**<br><br>    Debtor. | Case No. 13-20058-TLM |
| **PRAVEEN K. KHURANA,**<br><br>    Plaintiff,<br><br>v.<br><br>**STATE OF IDAHO, CHILD SUPPORT SERVICES,**<br><br>    Defendant. | Adv. No. 19-07002-TLM |

**MEMORANDUM OF DECISION**

**INTRODUCTION**

Praveen Khurana ("Debtor") filed a petition under chapter 13 on January 23, 2013, commencing Case No. 13-20058-TLM. That case was converted to chapter 7 on May 7, 2013. Debtor received a chapter 7 discharge on September 20, 2013, and the case was closed as a "no-asset" case that same date. The case was reopened on June 26, 2015.[1]

---

[1] Statutory citations are to the Bankruptcy Code, Title 11 U.S. Code §§ 101—1532, "Rule" citations are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" citations are to the Federal
(Continued)

MEMORANDUM OF DECISION - 1

On January 18, 2019, Debtor filed a *pro se* "Complaint for Adversary Proceeding – Violation of Lift of Automatic Stay by State of Idaho (Department) of Subject Child Support Enforcement Order" which commenced this adversary proceeding, No. 19-07002-TLM.  This Complaint, Adv. Doc. No. 1-1, alleges in material part that certain Canadian child support orders are being enforced by and/or collected upon by the State of Idaho, Department of Health and Welfare, Child Support Unit ("Defendant").  He contends that Defendant's actions: (1) violate the automatic stay of § 362(a); (2) are in excess of the State's authority; (3) violate the Hague Convention; and (4) infringe upon Debtor's Constitutional rights.  He also argues that Canada presents an "impossible forum" or an inconvenient forum, and he makes arguments about the conduct of certain hearings in Canada.

Defendant filed a motion to dismiss the Complaint, and also therein seeks to quash a deposition subpoena issued to Robert Rinard of the Department of Health and Welfare. Adv. Doc. No 8 ("Dismissal Motion").  Debtor objected to the same, Adv. Doc. No. 9, and filed a motion for sanctions for Mr. Rinard's failure to appear at the deposition.  Adv. Doc. No. 12.[2]  Debtor also filed a "motion to consolidate" this adversary proceeding with Case No. 18-cv-553-DCN, pending before the U.S. District Court for the District of Idaho (the "District Court Case").  Adv. Doc. No. 13 ("Consolidation Motion").

---

Rules of Civil Procedure.  The Court also takes judicial notice of its files and records, and of the files and records of the U.S. District Court for the District of Idaho.  Fed. R. Evid. 201.

[2] Defendant's motion to quash the deposition subpoena that is imbedded in the Dismissal Motion will be addressed in a separate, oral ruling, as will the parties' various motions for sanctions and other relief in this adversary proceeding.

MEMORANDUM OF DECISION - 2

These matters came before the Court at hearing on March 18, 2019 and were taken under advisement following argument. This Decision constitute the Court's findings and conclusions to the extent required under Rule 9014 and 7052.

## ADDITIONAL BACKGROUND

Debtor filed two adversary proceedings simultaneously against the State of Idaho Department of Health and Welfare. The other is Adv. No. 19-07001-TLM, which involves alleged stay or injunction violations by the State in regard to a Medicaid assistance recovery action.[3]

While there is much conflation, repetition and confusion of issues and allegations in Debtor's two complaints, the instant action concerns Defendant's assistance in collecting Canadian child support obligations allegedly owed by Debtor. There are several critical problems with Debtor's assertions.

## DISCUSSION AND DISPOSITION

### A. Jurisdiction

The Complaint lacks any of the required jurisdictional allegations required for federal bankruptcy court adjudication. In part, Debtor focuses on the automatic stay and to a lesser extent the discharge injunction of the Bankruptcy Code. These would presumptively fall within 28 U.S.C. § 1334 and are matters referred by the District Court to this Court under 28 U.S.C. § 157(b). However, it is clear this Court lacks jurisdiction over things such as "violation of the Hague Convention" and the other causes of action

---

[3] The matters in Adv. Proc. No. 19-07001-TLM will be addressed in a separate oral or written decision.

MEMORANDUM OF DECISION - 3

asserted in the Complaint.  The Court therefore focuses on the stay and discharge contentions.

### B.  The automatic stay, discharge, and Defendant's motion to dismiss

The submissions, though far from precise or comprehensive, indicate that Debtor has been or is obligated to pay certain Canadian support obligations.  Debtor argues that Defendant's assistance in the collection processes violates the stay of § 362(a).[4]  However, under § 362(b)(2)(B), the collection of such obligations (called "domestic support obligations" or "DSO" under § 101(14A)) is excepted from the automatic stay.  Section 362(b)(2)(B) provides that § 362(a) "does not operate as a stay. . . of the collection of alimony, maintenance, or support from property that is not property of the estate. . .."  This reflects a congressional decision to except the enforcement of such obligations.  *In re Martin*, 2004 WL 4960370*2 (Bankr. D. Idaho Sep. 2, 2004).  Thus, Debtor's contentions of stay violation are meritless.

Debtor also argues that Defendant's actions violate his 2013 discharge.  In general, the stay of § 362(a) is replaced, as regards a debtor, by the injunction arising upon discharge.  *See* § 524(a) (addressing effect of discharge).  As stated in *In re Eastlick*, 349 B.R. 216 (Bankr. D. Idaho 2004), "When a discharge is entered, the automatic stay is replaced by the permanent injunction of § 524, which enjoins creditors from attempting to collect from the debtor or the debtor's assets any debts that have been discharged."  *Id.*

---

[4]  The Court need not speak to the merits of the underlying child support claims or litigation.  The issues pending before the Court are either jurisdictional or relate to provisions of bankruptcy law and procedure.

MEMORANDUM OF DECISION - 4

at 229 (citing *Watson v. Shandell (In re Watson)*, 192 B.R. 739, 749 (9th Cir. BAP 1996), *aff'd* 116 F.3d 488 (9th Cir. 1997) (other citations omitted).  However, under § 523(a)(5), DSO obligations are excepted from the discharge and, under § 523(a)(15), certain other obligations to spouses or children not described in § 523(a)(5) are also excepted.

The nature of the underlying obligations is only obliquely characterized in the Complaint.  Adv. Doc. No. 1-1 at 2.  It is impossible to tell what amounts are being collected, for whose support, and for what periods.  Still, Debtor appears to concede that what is being pursued is "child support" even if he believes the claimed amounts, or "collection fees" assessed, or the Canadian-U.S. exchange rates, are wrong or improper.

To attempt to clarify the matter, given the lack of material assistance by either Debtor or Defendant's counsel, the Court has taken judicial notice of the District Court's records and has reviewed the complaint of Debtor in the District Court Case (No. 18-cv-00553-DCN), which suit is also discussed below in connection with Debtor's Consolidation Motion.  In the District Court Case, Debtor alleged:  (a) he was divorced from Renu Verma in 2005; (b) Debtor and Verma had three children who are currently 28, 24 and 18 years old; (c) Debtor currently pays or is required to pay $750/month ($250/month for two of the children and $250/month for collection "expenses" imposed by Defendant); and (d) Debtor has tried "administratively" to resolve issues with Defendant but has not succeeded.  *Id.* at Doc. No. 2.  This appears to establish that the obligations at issue are, in bankruptcy terms, domestic support obligations.

MEMORANDUM OF DECISION - 5

This Court does have jurisdiction to hear and resolve issues of whether such an obligation falls within or without § 523(a)(5) or (a)(15).[5] However, Debtor's disputes don't appear to relate to the character of the underlying debt as actually being a support obligation. Instead, he complains about the collection process being pursued, and his frustrations with the Canadian judicial procedures, which in his view impede his ability to obtain a hearing and seek to get the amounts owed reconsidered or changed. In addition, to the extent that he seemingly contests the propriety of the underlying support debt, it does not appear to challenge the debt as being a DSO but, rather, seeks to determine whether the ages of the children or similar factors should operate to terminate or reduce such obligations. These issues need not be decided by this Court. *See* n.5, *supra*.

In sum, Debtor presents no credible basis for the Court to conclude that there has been any stay violation in regard to the child support matter, or that any ongoing post-discharge collection is improper as a violation of Debtor's bankruptcy discharge. Further, the Court clearly lacks jurisdiction over the other allegations, contentions and arguments in the Complaint.

For the foregoing reasons, the Dismissal Motion is found to be well taken, and it will be granted.

**B. The Consolidation Motion**

---

[5] The Court's jurisdiction over § 523(a)(5) and (a)(15) matters, however, is not "exclusive" and state courts have concurrent jurisdiction to determine dischargeability under § 523(a)(5) and (a)(15). *Davidson v. Soelberg (In re Soelberg)*, 2016 WL 5874828 *3 (Bankr. D. Idaho Oct. 7, 2016) (citations omitted). In that case, the Court determined that abstention in deference to the state court was appropriate. *Id.* at *4—5 (citations omitted).

MEMORANDUM OF DECISION - 6

Dismissal of this adversary proceeding will moot the question of consolidation of it and the District Court Case. But the Court will briefly address the Consolidation Motion as well.

The complaint of Debtor in the District Court Case asserts that jurisdiction exists under 28 U.S.C. § 1331 on the basis of federal question and under 28 U.S.C. § 1332 on the basis of diversity of citizenship. It alleges substantive causes under 42 U.S.C. §§ 1983, 1985 and 1987, and violations of the Hague Convention, as well as Due Process violations. Plaintiff has asked this Court to "consolidate" the present case, Adv. No. 19-07002-TLM with the District Court Case, and to establish this adversary proceeding as the "lead case." Adv. Doc. No. 13.

As mentioned above, this Court's jurisdiction arises under 28 U.S.C. § 1334. It is limited to matters arising in a bankruptcy case, arising under the Code, or related to the bankruptcy case. Such jurisdiction is in the first instance granted to the District Court and then reference is made to this Court. *Id.*; *see also* 28 U.S.C. § 157. There is no conceivable basis for this Court to hear matters based on diversity or federal question jurisdiction, much less consider the various matters under Title 42 or the Hague Convention violations, all as alleged in the District Court Case. Nor is there any credible argument that this Court could presume to "consolidate" the District Court Case with the present adversary proceeding.[6]

---

[6] It appears that Debtor filed a photocopy of the Consolidation Motion in the District Court docket as Doc. No. 4 on March 4. If this was intended as a separate motion directed to the District Court (which is not altogether clear), the District Court can certainly address it.

MEMORANDUM OF DECISION - 7

This Court will therefore deny the Consolidation Motion that is pending before it.

**CONCLUSION**

Consistent with the foregoing, the Court finds, concludes and determines: (1) that Defendant's motion to dismiss this action will be granted; (2) that the Consolidation Motion of Debtor will be denied. The Court will enter orders accordingly.

All other matters pending herein will be addressed by separate decision(s).

DATED: March 29, 2019

_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE